IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO CLARK, | No. C 04-1783 RMW (PR) |
| Plaintiff, | ORDER OF SERVICE |
| v. | |
| DR. ERNEST HANES, et al., | |
| Defendants. | |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, the Civil Rights of Institutionalized Persons Act of 1980 ("CRIPA") and the Americans With Disabilities Act ("ADA") against Napa State Hospital personnel. Plaintiff has paid the filing fee. The court will order service of the complaint on the defendants.

**BACKGROUND**

Plaintiff is detained at Napa State Hospital following a plea of not guilty by reason of insanity on criminal charges filed against him. Plaintiff alleges that on February 24, 2004, he was accused of verbally threatening staff and clients at Napa State Hospital. Plaintiff was placed on close and constant observation ("CCO") by hospital staff. On February 25, 2004, plaintiff was placed in seclusion and bed restraints for seven days.

1  He was not allowed to take a shower for three days and not allowed to use the bathroom.
2  Plaintiff was told if he wanted to go to bed early at 8:00 p.m. he would be locked in
3  seclusion and placed in five-point restraints and forced to take powerful mind-altering
4  drugs.  During the nights that hospital staff members Ernie Hodges and Yvonne Shube
5  were working, plaintiff was forced into seclusion and placed in restraints as punishment
6  for anything they misperceived as provocation by plaintiff.  Plaintiff was also tied up in
7  "walking restraints" (straps around the ankles) for a considerable amount of time after he
8  was allowed to walk again.  See Complaint at 2.

9  Plaintiff alleges that his treating psychiatrist, Dr. Ernie Hanes, is responsible for
10 this abuse due to Hanes' misuse of psychiatric drugs, keeping plaintiff in physical
11 restraints, and allowing the staff members to abuse plaintiff.  Plaintiff was told he was on
12 a behavior modification plan that he must follow.  Plaintiff has never seen this behavioral
13 modification plan and hospital staff refused to show this plan to plaintiff.  See Complaint
14 at 2.

15 Plaintiff claims that he was subject to psychological and physical abuse, unlawful
16 and excessive use of seclusion and restraints, unlawful and excessive use of medication
17 (mind altering and mentally and physically damaging psychiatric drugs) and the failure of
18 staff to provide any due process and equal protection of the laws to plaintiff.  Plaintiff
19 maintains that he was subject to cruel and unusual punishment in violation of the Eighth
20 Amendment.  Plaintiff names the following defendants in his complaint: Dr. Ernest
21 Hanes, Ernie Hodges, and Yvonne Shube.  Plaintiff seeks compensatory and punitive
22 damages, and injunctive relief.  See Complaint at 3.

### DISCUSSION

A.  Standard of Review

25 Federal courts must engage in a preliminary screening of cases in which prisoners
26 seek redress from a governmental entity or officer or employee of a governmental entity.
27 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and
28 dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief

1 may be granted, or seek monetary relief from a defendant who is immune from such
2 relief. Id. at 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed.
3 Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

4     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
5 elements: (1) that a right secured by the Constitution or laws of the United States was
6 violated, and (2) that the alleged deprivation was committed by a person acting under the
7 color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

8 B.   Legal Claims

9     Under the Due Process Clause of the Fourteenth Amendment, persons who have
10 been involuntarily committed retain substantive liberty interests, which include the right
11 to adequate food, shelter, clothing and medical care; safe conditions of confinement; and
12 freedom from unnecessary bodily restraint. Youngberg v Romeo, 457 U.S. 307, 315-16
13 (1982). States also must provide civilly-committed persons with access to mental health
14 treatment that gives them a realistic opportunity to be cured and released. Sharp v.
15 Weston, 233 F.3d 1166, 1172 (9th Cir. 2000); cf. Oregon Advocacy Center v. Mink, 322
16 F.3d 1101, 1121 (9th Cir. 2003) (incapacitated criminal defendants have a liberty interest
17 in receiving restorative treatment and an interest in freedom from incarceration).

18     A medical professional's decision to administer psychiatric drugs or otherwise
19 restrain a mental health patient is presumptively valid, see Youngberg 457 U.S. at 323;
20 however, when liberally construed, plaintiff's allegations that defendants unnecessarily
21 restrained him as punishment and administered an excessive amount of mind altering
22 psychiatric drugs states a cognizable claim and merits a response from defendants. The
23 court will order service of the complaint.

24 <center>**CONCLUSION**</center>

25     1.    The clerk shall issue a summons and the United States Marshal shall serve,
26 without prepayment of fees, copies of the complaint in this matter (docket no. 1), all
27 attachments thereto, and copies of this order on defendant DR. ERNEST HANES, Napa
28 State Hospital; defendant ERNIE HODGES, Napa State Hospital; and defendant

1  YVONNE SHUBE, Napa State Hospital.  The clerk shall also serve a copy of this order
2  on plaintiff.
3      2.    In order to expedite the resolution of this case, the court orders as follows:
4         a.    No later than **sixty (60) days** from the date of this order, defendants
5  shall file a motion for summary judgment or other dispositive motion, or shall notify the
6  court that defendant is of the opinion that this case cannot be resolved by such a motion.
7  The motion shall be supported by adequate factual documentation and shall conform in all
8  respects to Federal Rule of Civil Procedure 56.
9      **Defendants are advised that summary judgment cannot be granted, nor**
10 **qualified immunity found, if material facts are in dispute.  If defendants are of the**
11 **opinion that this case cannot be resolved by summary judgment, they shall so inform**
12 **the court prior to the date the summary judgment motion is due**.
13     All papers filed with the court shall be promptly served on plaintiff.
14        b.    Plaintiff's opposition to the dispositive motion shall be filed with the
15 court and served on defendant no later than **thirty (30) days** from the date defendant's
16 motion is filed.  The Ninth Circuit has held that the following notice should be given to
17 plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary

judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    c.    Defendant shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

    d.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendants' counsel.

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and the parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

IT IS SO ORDERED.

DATED:  4/10/2006                                   /s/ Ronald. M. Whyte
                                                          RONALD M. WHYTE
                                                          United States District Judge

1  This is to certify that on _____April 11, 2006_____, a copy
2  of this ruling was mailed to the following:

3  Alphonso Clark
   P.O. Box 421823
4  San Francisco, CA 94142

Order of Service
P:\pro-se\sj.rmw\cr.04\Clark783srv            6